# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN GILMORE; LARRY GILMORE,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF NEW YORK; COUNTRYWIDE HOME LOANS; AMERICA'S WHOLESALE LENDER; BANK OF AMERICA; AMERICAN MORTGAGE PROFESSIONAL, INC.; and DOES 1-10,<br><br>Defendants. | CASE NO. 09-CV-0218-IEG (LSP)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION TO REMAND CASE TO STATE COURT [Doc. No. 19]; and**<br><br>**(2) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS COMPLAINT [Doc. No. 18.]** |

Plaintiffs Karen and Larry Gilmore ("Plaintiffs") have filed a motion to remand this case to state court. (Doc. No. 19.) Defendants Bank of New York ("BNY"), Countrywide Home Loans ("Countrywide"), America's Wholesale Lender ("AWL"), and Bank of America ("BOA") (collectively, "Defendants") have filed a motion to dismiss Plaintiffs' first amended complaint under Fed. R. Civ. P. 12(b)(6). (Doc. No. 18.) For the reasons stated herein, the Court grants Plaintiffs' motion to remand and denies Defendants' motion to dismiss as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Karen and Larry Gilmore's claim arises from a loan Ms. Gilmore received to purchase a home. The following facts are drawn from Plaintiffs' first amended complaint. On March 9, 2006 Karen Gilmore purchased an Oceanside, California home ("the property") for $780,000.

1  Using the services of a mortgage broker, Defendant American Mortgage Professional, Inc. ("AMP"),
2  she obtained a loan from AWL for 80% ($624,000) of the purchase price. Ms. Gilmore agreed to
3  make monthly payments on the loan in an amount of $4,591.74 at an interest rate of 7% for a period
4  of 10 years.[1] Ms. Gilmore financed the remaining 20% ($156,000) of the purchase price though a
5  home equity line of credit ("HELOC"), allegedly funded by BOA. She agreed to monthly payments
6  in an amount of $1,586.71 at an interest rate of 12.375%. The combined monthly payment on
7  Plaintiffs' two loans equaled $6,178.45, at a time when Plaintiffs earned a combined monthly income
8  of $ 7,500. At an undisclosed point in time, AWL allegedly transferred the servicing of the two loans
9  to its parent company, Countrywide. Plaintiffs defaulted on their loans, resulting in a trustee's sale
10 of the property on September 29, 2008 to BNY, as agent for Countrywide.

11     Plaintiffs brought the instant action in the Superior Court of California for the County of San
12 Diego on January 12, 2009. Defendants removed the case to this Court on February 5, 2009. (Doc.
13 No. 1.) The complaint alleged: "wrongful foreclosure;" "action to set aside trustee sale;" violation
14 of California Civil Code §§ 1573 (constructive fraud) and 2923.5; violation of California Financial
15 Code §§ 4973(f) and (n); violation of 12 U.S.C. §§ 2607(a) and (b) (the Real Estate Settlement
16 Procedures Act, hereinafter "RESPA"); and "breach of fiduciary duties." Plaintiffs filed a first
17 amended complaint on April 10, 2009 (Doc. No. 17,) alleging the following claims: "set aside of
18 trustee sale;" conspiracy to defraud; violation of Cal. Civ. Code §§ 1573, 1667, 1708, 1770 and
19 2923.5; violation of Cal. Fin. Code § 4973; "breach of fiduciary duties;" and "contractual rescission."
20     On April 27, 2009, Defendants filed a motion to dismiss the first amended complaint. (Doc.
21 No. 18.) On May 13, 2009 Plaintiffs filed a motion to remand the case to state court. (Doc. No. 19.)
22 The parties have filed oppositions to each respective motion. Defendants have filed a reply brief in
23 support of their motion to dismiss, but Plaintiffs have not filed a reply in support of their motion to
24 remand. The Court finds the motions appropriate for disposition without oral argument pursuant to
25 Local Civil Rule 7.1(d)(1).
26 ///
27 ///
28

---

[1] After 10 years, the payments were to increase 25% with the addition of principal payments.

## DISCUSSION

I.   Plaintiffs' Motion to Remand

    A.   Legal Standard

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2009). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441(b); id. at § 1331. The removal statute also provides that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by [28 U.S.C. § 1331] is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c) (2009).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Accordingly, "[t]he 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

    B.   Analysis

Defendants originally premised their removal of this case upon Plaintiffs' allegations that Defendants violated RESPA, a federal statute. (Notice of Removal at 3.) Defendants further argued the Court had supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a)[2] because those claims arose from the same set of operative facts as Plaintiffs' federal claim.

---

[2] "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a) (2009).

1  Plaintiffs first amended complaint eliminates the RESPA claim.[3]  However, Defendants argue the
2  Court should retain supplemental jurisdiction over the amended complaint because Plaintiffs'
3  "voluntary amendment to their complaint after removal to eliminate the federal claim does not
4  automatically defeat federal jurisdiction."  (Opp. at 2.)

5  Plaintiffs' argument that the Court should remand the case pursuant to 28 U.S.C. § 1447(c)
6  because they have abandoned their federal cause of action misstates the applicable legal rule.  Section
7  1447(c) provides, "[i]f at any time before final judgment it appears that the district court lacks subject
8  matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c) (2009).  Notwithstanding this
9  rule, removal jurisdiction based on a federal question is determined from the complaint as it existed
10 *at the time of removal*.  Sparta Surgical Corp. v. NASD, 159 F.3d 1209, 1213 (9th Cir. 1998).
11 Therefore, when removal, as in this case, is based on federal-question jurisdiction and all federal
12 claims are eliminated from the lawsuit, "[i]t is generally within a district court's discretion either to
13 retain jurisdiction to adjudicate the pendent state claims or to remand them to state court."  Harrell v.
14 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991); see also Albingia Versicherungs A.G. v.
15 Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003) ("[S]ection 1447(c) [the 'procedure after
16 removal statute'] means that if it is discovered at any time in the litigation that there is no federal
17 jurisdiction, a removed case must be remanded to the state court rather than dismissed. Section
18 1447(c) does not mean that if a facially valid claim giving rise to federal jurisdiction is dismissed, then
19 supplemental jurisdiction is vitiated and the case must be remanded. Once supplemental jurisdiction
20 exists, it remains, subject to the discretionary provision for remand in section 1441.")  Accordingly,
21 because Plaintiffs have abandoned their federal claim, the Court must exercise its discretion to
22 determine whether to retain supplemental jurisdiction over the remaining state claims.

23 The Supreme Court has held, and the Ninth Circuit has reiterated that "'in the usual case in
24 which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward
25 declining to exercise jurisdiction over the remaining state-law claims.'"  Acri v. Varian Assocs., 114
26 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349
27 (1988)).  Moreover, this discretionary decision "depend[s] upon what 'will best accommodate the
28

---

[3] Defendants do not dispute that the amended complaint contains no federal causes of action.

values of economy, convenience, fairness, and comity . . . .'" Harrell, 934 F.2d at 205 (internal citation omitted). The Court finds this case to be a "usual case" in which the balance of factors weighs in favor of remanding the remaining state claims to state court.

While Defendants argue the Court should exercise its discretion to retain the case because "Plaintiffs' filing of the FAC is a blatant attempt to forum shop" (Opp. at 5,) and the Supreme Court has held "[a] district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case," the Ninth Circuit has held it is not improper for a plaintiff to exercise the tactical decision to move for remand soon after removal. See Baddie v. Berkeley Farms, 64 F.3d 487, 490-91 (9th Cir. 1995) ("If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision.") (overruled in part on other grounds). Furthermore, Plaintiffs have abandoned their federal claim early in the case. Cf. Albingia, 344 F.3d at 939 (holding that the district court properly retained supplemental jurisdiction over state law claims where it disposed of federal issues during the summary judgment phase of the case). There is also no indication that proceeding in state court would be wasteful or duplicative because no court or party has yet invested substantial resources into this case. The Court therefore finds that the concerns of economy, convenience, and comity would be served by returning this case to state court, and grants Plaintiffs' motion to remand. Accord Fletcher v. Solomon, 2006 U.S. Dist. LEXIS 96843, at *12 (N.D. Cal. Nov. 13, 2006) (finding the relevant concerns "would be served by returning to state court what is now at an early stage a purely state-law action.")

II.     Defendants' Motion to Dismiss the First Amended Complaint

Defendants have filed a motion to dismiss Plaintiffs' complaint for failure to state a claim upon which relief may be granted under Fed. R. of Civ. P. 12(b)(6). (Doc. No. 18.) Defendants have also filed a request for judicial notice in support of their motion. In light of the Court's decision to remand this case to state court, Defendants' motion and request for judicial notice are denied as moot.

///

## CONCLUSION

For the reasons stated herein, the Court ORDERS that this action be REMANDED to the Superior Court of California for the County of San Diego. The Court DENIES AS MOOT Defendants' motion to dismiss the complaint and request for judicial notice.

**IT IS SO ORDERED.**

**DATED: July 9, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**